UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.00-6619-CR-ZLOCH
6119



UNITED STATES OF AMERICA,

Plaintiff,

v.

ERIK JOHNSON,

Defendant.
_____/

## DEFENDANT'S OBJECTIONS TO PRE-SENTENCE INVESTIGATION REPORT AND MOTION FOR DOWNWARD DEPARTURE

Defendant, ERIK JOHNSON, through undersigned counsel, files the following objections to the Pre-sentence Investigation Report (PSI), and in support thereof, Mr. Johnson states:

### Role Adjustment

Mr. Johnson objects to paragraph 48 of the PSI. The Probation Officer failed to recommend that Mr Johnson's offense level be reduced by 2 levels because of his minor role in the offense. See USSG § 3B1.2 (b). A minor participant means any participant who is less culpable than most other participants, but whose role could not be described as minimal. USSG § 3B1.2, comment (n. 3). The offense conduct section of the PSI establishes that Mr. Johnson was less culpable than most other participants and therefore, entitled to the minor role reduction.

Mr. Johnson was indicted with five co-defendants for conspiracy to import marijuana into the United States. The plan involved flying marijuana from Jamaica and dropping it off the coast

of Fort Lauderdale. After the marijuana was dropped it was retrieved by Mr. Johnson and defendant Myers.

Co-defendant Greg Pillock was the leader and organizer of the conspiracy. See PSI ¶ 35. Pillock recruited the other members of the conspiracy, made the flight arrangements, set the radio frequencies, organized the boat crew and decided how the marijuana and proceeds would be divided. Co-defendant Lawrence London piloted the plane, and provided Pillock with information about leasing the plane. London obtained the marijuana in Jamaica and determined the coordinates for the drop. According to document's contained in the government's discovery submission, Pillock and London have prior convictions for controlled substance offenses. The scheme was financed by an unknown Jamaican. See PSI ¶ 20.

Co-defendant William Moccia was a crew member on the plane and accompanied London to Jamaica to obtain the marijuana. Moccia assisted with the loading and the packaging of the marijuana. Moccia also was the person who kicked the marijuana off the plane when London reached the designated coordinates off the coast of Fort Lauderdale. Co-Defendant Terill Myers was the owner and captain of the boat used to retrieve the marijuana after it was dropped from the plane.

Mr. Johnson is less culpable than Pillock, London, Moccia, Myers and the unknown Jamaican. Mr. Johnson's role was to retrieve the marijuana from the ocean. Mr. Johnson's role is best described as an unskilled laborer. Mr. Johnson played no part in the financing of the smuggling scheme. Mr. Johnson did not travel to Jamaica to obtain the marijuana. Mr. Johnson was to have no role in the distribution of the marijuana after it was returned to Pillock. Accordingly, Mr. Johnson is entitled to a two-level minor role reduction pursuant to USSG § 3B1.2(b).

**Specific Offense Characteristics**

Mr. Johnson objects to the increase of the base offense by two levels pursuant to USSG § 2D1.1(b)(2) for use of a non commercial aircraft in the importation of the marijuana. Mr. Johnson submits that the enhancement should not apply to him because the decision to use the aircraft was made by Pillock and London prior to Mr. Johnson's involvement in the offense. In addition, Mr. Johnson played no role in securing the use of the aircraft. Moreover, the PSI does not specify whether the marijuana was dropped inside territorial boundaries of the United States. If the marijuana was dropped outside the United States, then the marijuana was imported by boat rather than plane. Thus, the enhancement would not apply. See United States v. Joelson, 7 F.3d 174 (9th Cir. 1993).

In Joelson, the Court found that the § 2D1.1(b)(2) was not applicable when a private plane was used to fly cocaine to Guatemala, but a commercial plane was used to import the cocaine into the United States. 7 F.3d at 180-81. The Joelson court reasoned that stretching the definition to incorporate any use of a private plane, regardless of whether it was used during the actual importation, flies in the face of the plain language of § 2D1.1(b)(2). Because it is unclear whether the marijuana was dropped within the borders of the United States, the enhancement should not be applied. See United States v. Askew, 193 F.3d 1181, 1183 (11th Cir. 1999) (government bears the burden of establishing by a preponderance of the evidence facts necessary to support a sentencing enhancement).

**Motion for Downward Departure**

Mr. Johnson respectfully moves for a downward departure from the otherwise applicable guideline offense level because of his post offense rehabilitation. For the past six months, Mr.

3

Johnson has worked as an unit orderly at Federal Detention Center. Two of his counselors submitted letters describing Mr. Johnson as a loyal, conscientious and respectful worker. See defendant's exhibit A, letters from counselors at the Federal Detention Center. Post offense rehabilitation may serve as a basis for downward departure when present to such an exceptional degree that the situation cannot be considered typical of those circumstances in which an acceptance of responsibility adjustment is granted. See, United States v. Brock, 108 F.3d 31, 35 (4th Cir. 1997).

In this case, as evidenced by the letters from the Federal Detention Center Counselors, Mr. Johnson's rehabilitative efforts far exceed mere acceptance of responsibility. Therefore, Mr. Johnson respectfully requests a nominal downward departure from the otherwise applicable guideline range.

WHEREFORE, the defendant, Erik Johnson, respectfully requests the Court to sustain his objections to the pre-sentence investigation report, grant his motion for downward departure, and impose a sentence which is consistent with the facts and arguments set forth above.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By: _____

Daryl E. Wilcox
Assistant Federal Public Defender
Attorney for Defendant
Florida Bar No. 571962
101 N.E. Third Avenue, Suite 202
Fort Lauderdale, Florida 33301
(954) 356-7436 / 356-7556 (Fax)

4

CERTIFICATE OF SERVICE

I hereby certify that a true a copy of the foregoing instrument was mailed and faxed this 21th November, 2000 to Bertha Mitrani, Assistant United States Attorney, 500 East Broward Boulevard, 7th Floor, Fort Lauderdale, Florida and United States Probation Officer, Dedra Pratt at the Federal Courthouse Building, 299 East Broward Boulevard, Room 409, Fort Lauderdale, Florida.

Daryl E. Wilcox

**Adolph Sotomayor**

Correctional Counselor
Federal Detention Center
33 Northeast 4th Street
Miami, Florida 33101
305-982-1118
Fax: 305-982-1494

November 14, 2000

Ref: Eric Johnson, Register # 55301-004

To whom it may concern:

Mr. Johnson is currently assigned to C-East Unit at the Federal Detention Center in Miami, Florida. As the Correctional Counselor assigned to unit, it is a pleasure to say that Mr Johnson has been working as a unit orderly for over six months now. Mr Johnson has demonstrated his loyalty everyday and volunteers for any tasks that is needed within this unit. As of this date, Mr Johnson has not had any disciplinary actions taken against him.

Sincerely,

Adolph Sotomayor

DEFENDANT'S
EXHIBIT
A



# U.S. Department of Justice
# Federal Bureau of Prisons

---

Federal Detention Center
33 N.E. 4th Street
Miami, Fl 33132

Nov. 09, 2000

Re:  Erik S. Johnson
     Reg. No.55301 -004

To Whom it May Concern:

Mr.Erik Johnson is currently incarcerated in the Federal Bureau of Prisons, at the Federal Detention Center in Miami, Florida. Mr. Johnson as worked as an orderly and has proven to be responsible and willing to perform any duties as requested. Moreover, Mr.Johnson has always volunteered to help staff whenever he has seen or has been informed that assistance is needed. He has always conducted himself in a respectable manner towards staff and his fellow inmates. Finally, Mr.Johnson has not received any disciplinary reports and in my opinion, he is a hard working and well rounded individual.

Correctional Counselor
S. McCann